# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>TYLER D. THARPE; LINDSEY ANN BITTNER; and AUTUMN GOODRICH,<br><br>    Defendants. | 1:13-cv-646 AWI GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>(Document 1) |

Plaintiff Lawrence Williams ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint on May 3, 2013, alleging civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff names the Honorable Tyler D. Tharpe, a Fresno County Superior Court Judge, and Deputy District Attorneys Lindsey Ann Bittner and Autumn Goodrich as Defendants. Upon a review of the pleading, the Court recommends that the complaint be dismissed without leave to amend.

**DISCUSSION**

*A.    Screening Standard*

Pursuant to Title 28 of the United States Code § 1915(e)(2), the Court must conduct an

1

initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if it is determined that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S.Ct. at 1950. While factual allegations are accepted as true, legal conclusion are not. *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### B.     *Plaintiff's Allegations*

Although the complaint is not entirely clear, Plaintiff alleges misconduct against the Honorable Tyler Tharpe, Fresno Superior Court Judge, and Assistant District Attorneys Lindsey Bittner and Autumn Goodrich. In particular, Plaintiff alleges false prosecution and illegal detention from October 6, 2011 through March 23, 2013, while he was held on charges pursuant

to California Penal Code § 245 for assault and battery.  Plaintiff alleges these charges were ultimately dismissed and that the judge and the assistant district attorneys acted improperly because they knew that a witness was a parolee at the time of his arrest.  The complaint fails to explain the relevance of the witnesses' status as a parolee, or describe the basis for the claims.  Similarly, other than alleging emotional trauma and physical pain associated with the "false prosecution," Plaintiff has not identified any damages, nor has he requested any relief.

### C.    1983 Actions

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff allegations are vague and unclear.  Moreover, he has failed to identify any constitutional violation or other violation of federal law to establish a cause of action under section 1983.  Leave to amend would usually be given under these circumstances, however, Plaintiff will not be given leave to amend the complaint in this instance for the reasons stated

3

below.

### D. Judicial Immunity

Although the complaint is vague, Plaintiff is attempting to sue the judge for actions performed in the course of a criminal case. However, judges are absolutely immune from suit for acts performed in a judicial capacity. See *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435 & n. 10 (1993); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *Stump v. Sparkman*, 435 U.S. 349, 357–60, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."); *Swift v. State of California*, 384 F.3d 1184, 1188 (9th Cir.2004) ( "It is well established that state judges are entitled to absolute immunity for their judicial acts."). Here, Plaintiff is alleging unlawful conduct that was part of the judicial process but the judge is immune from suit. Therefore, it is recommended that Plaintiff's claims against this defendant be dismissed without leave to amend.

### E. Prosecutorial Immunity

Similarly, Plaintiff's claims against the assistant district attorneys are also barred. Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); see also *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993). "Such immunity applies even if it leaves the genuinely wronged [plaintiff] without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Ashelman*, 793 F.2d at 1075 (citation omitted) (internal quotation marks omitted). A prosecutor is protected by absolute immunity for any actions "if the prosecutor acts within the scope of his or her authority and in a quasi-judicial capacity." *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 678 (9th Cir.1984). Specifically, acts taken by a prosecutor "in preparing for the initiation of judicial proceedings, or for a trial, and which occur in the course of his role as an advocate for the state," are entitled to protections of absolute immunity. *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th

Cir.2001) quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Roe v. City and Cnty. of S.F.*, 109 F.3d 578, 583 (9th Cir.1997). Here, Plaintiff is alleging misconduct because he believes the prosecutors allegedly knew information about a witness that would have helped his case. Plaintiff has failed to allege how this information is relevant. Even assuming Plaintiff's allegations are true, the prosecutors are immune from suit for this conduct. Accordingly, it is recommended that Plaintiff not be given leave to amend the complaint.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of section 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 6, 2013**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE